United States District Court
Southern District of Texas
**ENTERED**
August 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DWAYNE RIVENS-BAKER, JR., § § *Plaintiff*, § § v. § § JEREMY LARUE, *et al.*, § § *Defendants*. § | Civil Action No. H-22-2480 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a civil lawsuit under 42 U.S.C. § 1983 against seven Texas Department of Criminal Justice ("TDCJ") employees, including defendant Jeremy Larue. Larue filed a motion to dismiss predicated on his entitlement to qualified immunity (Docket Entry No. 14), to which plaintiff filed a response (Docket Entry No. 23).

Having considered the motion, the response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** plaintiff's claims against Larue for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff complains that TDCJ employees used excessive force against him on five occasions at the Ferguson Unit during 2021 and denied him due process at one or more subsequent disciplinary hearings. In pleading his claims against defendant Larue, plaintiff alleges that Larue was deliberately indifferent to his health and safety in not investigating or

remedying his grievances and complaints regarding the uses of excessive force. Plaintiff seeks monetary damages against Larue in his individual and official capacity.

Larue moves to dismiss plaintiff's claims under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARDS

### A. FRCP 12(b)(1)

Under FRCP 12(b)(1), a case must be dismissed if the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A court properly dismisses a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden to prove that jurisdiction does exist. *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021).

A court's dismissal of a claim for lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. Thus, a FRCP 12(b)(1) dismissal should be without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

B. <u>FRCP 12(b)(6)</u>

FRCP 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554–55. In considering a FRCP 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

C.  Qualified Immunity

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015).

The defense of qualified immunity may be raised in a motion to dismiss pursuant to FRCP 12(b)(6). *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Once a defendant raises a qualified immunity defense, the burden shifts to the plaintiff to allege that (1) the defendant violated a statutory or constitutional right, and (2) the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Ratliff v. Aransas County*, 948 F.3d 281, 287 (5th Cir. 2020). A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Mullenix*, at 11. While a case need not be directly on point, "existing precedent must have placed the statutory or constitutional question beyond

debate." *Ashcroft*, 563 U.S. at 741. Courts have discretion to decide which of the two prongs of qualified immunity analysis to address first. *Pearson*, 555 U.S. at 236.

### III. ANALYSIS

#### A. Official Capacity Claims

Plaintiff seeks monetary damages against Larue in his official capacity. Such claims are barred by sovereign immunity under the Eleventh Amendment, *Hafer v. Melo*, 502 U.S. 21, 25 (1991), and must be dismissed for lack of subject matter jurisdiction. *See Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) (holding that claims barred by sovereign immunity must be dismissed under Rule 12(b)(1) without prejudice). Plaintiff does not establish that this Court has subject matter jurisdiction as to his claims for monetary damages against Larue in his official capacity.

Defendant's motion to dismiss plaintiff's official capacity claims against him under FRCP 12(b)(1) is **GRANTED** and the claims are **DISMISSED WITHOUT PREJUDICE**.

#### B. Qualified Immunity

Plaintiff seeks monetary damages against Larue in his individual capacity for the uses of excessive force. He claims that Larue took no investigative or remedial action regarding the grievances and complaints plaintiff submitted. (Docket Entry No. 1, pp. 3, 4, 15, 16.) Plaintiff further claimed in a grievance that Larue "fail[ed] to properly train his staff" and allowed them to break the law and violate plaintiff's constitutional rights. (Docket Entry No. 2, p. 14.)

Defendant Larue argues that plaintiff's individual capacity claims against him should be dismissed as barred by qualified immunity. Larue contends that plaintiff fails to plead factual allegations sufficient to show that he was personally involved in the use of excessive force incidents made the basis of this lawsuit. He further contends that the failure to resolve plaintiff's grievances and complaints to his satisfaction does not raise an issue of constitutional dimension.

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987); *Turner v. Lt. Driver*, 848 F.3d 678, 695 (5th Cir. 2017). A supervisory official may be held liable only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury. *Zadeh v. Robinson*, 928 F.3d 457, 473 (5th Cir. 2019); *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Plaintiff pleads no factual allegations claiming that Larue implemented unconstitutional policies that causally resulted in the constitutional violations.

To survive the pending FRCP Rule 12(b)(6) motion to dismiss, plaintiff's complaint must plead sufficient factual allegations to raise a viable claim for relief against Larue in his individual capacity for violation of plaintiff's constitutional rights.[1] A careful review of

---

[1] It bears repeating that plaintiff seeks only monetary relief in this lawsuit. Accordingly, all claims against Larue in his official capacity are barred by Eleventh Amendment sovereign immunity.

plaintiff's pleadings reveals no factual allegations showing that Larue had any personal involvement in the use of excessive force incidents or that there was a causal connection between any conduct by Larue in his individual capacity and a particular use of excessive force incident. Prisoners have no constitutional right to the satisfactory investigation or resolution of administrative grievances or informal complaints. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Consequently, plaintiff's claims that Larue failed to investigate or remedy his grievances and complaints regarding the excessive force incidents does not raise a viable claim for relief under section 1983, and plaintiff fails to surmount Larue's entitlement to qualified immunity.

Liberally construed, plaintiff's pleadings also claim that Larue failed to train adequately the defendant employees who used excessive force against him. However,

> for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform. *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (cleaned up). Moreover, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.*

*Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). Plaintiff's pleadings do not meet these standards, nor does his response to the motion to dismiss set forth any additional factual allegations sufficient to state a viable claim for failure to train. To the contrary, plaintiff argues in his response that his current pleadings are legally and factually sufficient

---

*See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

7

to support his Eighth Amendment claims against Larue. No viable constitutional violation is pleaded, and Larue is entitled to dismissal of the claim as barred by qualified immunity.

Although unclear, plaintiff also appears to seek monetary damages from Larue for alleged due process violations attendant to one or more disciplinary convictions. To recover damages for an allegedly unconstitutional disciplinary conviction, a section 1983 plaintiff must prove that the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997).

Plaintiff does not allege that the disciplinary convictions underlying his due process claims have been reversed or otherwise set aside. Consequently, his claims for monetary damages are currently barred by *Heck* and must be dismissed.

For the above reasons, defendant Larue is entitled to qualified immunity as to plaintiff's Eighth Amendment claims against him in his individual capacity, and the motion to dismiss is **GRANTED**. Plaintiff's claims against Larue for damages arising from alleged due process violations regarding his disciplinary convictions are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

## IV. CONCLUSION

The Court **ORDERS** as follows:

1. Defendant Jeremy Larue's motion to dismiss (Docket Entry No. 14) is **GRANTED**.

2. Plaintiff's claims for monetary damages against Larue in his official capacity are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's remaining claims for monetary damages against Larue are **DISMISSED WITH PREJUDICE**.

4. **THIS IS AN INTERLOCUTORY ORDER**.

Signed at Houston, Texas, on this the 15th day of August, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE