United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DWAYNE RIVENS-BAKER, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-22-2480 |
| | § | |
| JAMES LAMBERT, JR., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a civil lawsuit under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") employees James Lambert, Jr., Claude Fomijang, Matthew McNeil, Christopher Wooten, James Larue, Theophilus Kingsley (identified by plaintiff as "John Doe Theo"), and Lindsey Leveston. Plaintiff's claims against James Larue were dismissed in an earlier order.

Pending before the Court is a motion for summary judgment predicated on failure to exhaust filed by defendants Lambert, Fomijang, McNeil, Wooten, and Leveston (the "Movant Defendants").[1] (Docket Entry No. 42.) Plaintiff filed a response in opposition. (Docket Entry No. 46.)

Having considered the motion for summary judgment, the response, the exhibits submitted by the parties, the record, and the applicable law, the Court **GRANTS** the motion

---

[1] Defendant Kingsley did not join in the pending motion and informed the Court on March 10, 2023, that he would be filing a separate motion for summary judgment. To-date, Kingsley has not filed a motion for summary judgment or requested an extension of time to file such motion.

for summary judgment and **DISMISSES** plaintiffs claims against the Movant Defendants for the reasons discussed below.

## I. BACKGROUND AND CLAIMS

Plaintiff complains that the Movant Defendants used excessive force against him at the Ferguson Unit on four occasions during 2021 and denied him due process at a disciplinary hearing. He seeks compensatory and punitive damages against them in their individual and official capacities.

Movant Defendants contend that plaintiff failed to exhaust available administrative remedies prior to filing this lawsuit, and that plaintiff's claims should be dismissed for failure to exhaust.

## II. LEGAL STANDARDS

A. <u>Summary Judgment</u>

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the movant satisfies its initial responsibility of showing the absence of a genuine issue of material fact, the burden shifts to the nonmovant to identify specific facts showing that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 106, 323 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v.*

*Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Where the nonmovant bears the burden of proof at trial, the summary judgment movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). A complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 323.

Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Liberty Lobby, Inc.*, 477 U.S. at 255. However, allegations in the nonmovant's complaint are not evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Even verified allegations cannot defeat summary judgment if they are conclusory allegations, unsubstantiated assertions, or constitute only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see also Hunt v. Pierson*, 730 F. App'x 210, 212 (5th Cir. 2018).

The summary judgment process does not involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020). Disputed factual issues must be resolved in favor

of the nonmoving party, *Little*, 37 F.3d at 1075 (5th Cir. 1994), and all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

Because plaintiff is proceeding *pro se* in this lawsuit, the Court construes his pleadings liberally, subjecting them to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, *pro se* litigants must still abide by the rules that govern the federal courts. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

B.  Exhaustion of Administrative Remedies

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before bringing a civil rights claim based on allegations occurring while imprisoned. "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison inmate grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The prisoner must strictly comply with administrative deadlines and other procedures without exception. *Ramirez v. Collier*, 595 U.S. 411, 421 (2022). Thus, in order to properly exhaust administrative remedies, the prisoner must not only pursue all available avenues of relief, but must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006); *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("[U]nder our strict approach, we have found that mere 'substantial compliance' with

administrative remedy procedures does not satisfy exhaustion; instead, we have required prisoners to exhaust available remedies properly."). A prisoner does not establish exhaustion or raise a genuine issue of material fact as to exhaustion by arguing that he sent letters or informal notices that were not proper step 1 or step 2 grievances under the established administrative procedures. *Id.*

"Since exhaustion is an affirmative defense, the burden is on [the defendants] to demonstrate that [plaintiff] failed to exhaust available administrative remedies." *Dillon*, 596 F.3d at 266. Movant Defendants in this case present probative summary judgment evidence that, as applicable to Texas state prisoners, TDCJ promulgated a formal two-step grievance procedure for exhausting administrative remedies.[2] (Docket Entry No. 46, App'x 187–190.) Prior to filing a grievance, a prisoner must try to resolve the issue informally. If that does not work, the prisoner must submit to appropriate prison officials a step 1 grievance within fifteen days of the alleged incident or occurrence. When filing a grievance, an inmate must clearly state the specific action required to resolve the complaint. Prison officials then have forty days to decide the grievance. If the prisoner remains dissatisfied, he may appeal by filing a step 2 grievance within fifteen days. Prison officials have another forty days to issue a decision on the appeal. Both steps of the grievance process must be properly completed.

---

[2] *See also* Texas Department of Criminal Justice, Offender Orientation Handbook (Feb. 2017) at http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf (last accessed March 12, 2024). The Court may take judicial notice of the handbook. *See Ali v. Stephens*, 822 F.3d 776, 782 n.5 (5th Cir. 2016); *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Only after exhausting both steps of the grievance process may a prisoner pursue a federal lawsuit. *See* 42 U.S.C. § 1997e(a).

### III. ANALYSIS

Plaintiff complains of four instances of use of excessive force by one or more of the Movant Defendants. He further complains that counsel substitute defendant Leveston prevented his attendance at the disciplinary hearing for Disciplinary Case No. 20210244809. Movant Defendants argue that plaintiff failed to exhaust administrative remedies as to each of these claims, and that the claims should be dismissed. Each incident, and the attendant grievances or lack thereof, will be addressed separately.

A.   Incident of July 4, 2021

Plaintiff alleges that on July 4, 2021, he overheard an unnamed officer making "homosexual" comments regarding the size of a white male's sexual organ; he complains that the comments made him "uncomfortable." (Docket Entry No. 42-1, p. 3.) He told defendant McNeil that he wanted to file a Prison Rape Elimination Act ("PREA") incident report regarding the officer's comments, but McNeil refused to report the comments as PREA violations. Plaintiff claims that after he told McNeil he was going to file a grievance reporting the incident and McNeil's refusal to file a PREA report, McNeil opened plaintiff's cell slot and sprayed him with a chemical agent. *Id.*

Plaintiff grieved the incident in Step 1 Grievance #2021140241 filed on July 7, 2021. *Id.* He stated in the grievance that McNeil used the chemical spray after falsely reporting that plaintiff had refused to take down materials covering his cell door. The grievance was denied as unsupported on August 20, 2021, following an investigation by the Office of the Inspector General. *Id.*, p. 4. Movant Defendants report that plaintiff did not file a step 2 grievance regarding the incident, and thus did not exhaust his claims against McNeil.

In his response to the motion for summary judgment, plaintiff alleges that he did file a step 2 grievance regarding the incident of July 4, 2021. (Docket Entry No. 46, p. 4.) In support, he references "Exhibit B" attached to his response. *Id.* Exhibit B includes a copy of "Step 1 response grievance #2021140241 (#5)" and "Step 2 written carbon copy grievance #2021140241 (#6)." *Id.*, p. 9. The latter exhibit is a handwritten narrative labeled by plaintiff as "Step 2 Grievance #2021140241, written on August 27, 2021." (Docket Entry No. 46, p. 19.) Contrary to plaintiff's assertion, the exhibit is not a carbon copy of a TDCJ step 2 grievance; the exhibit is a sheet of paper containing a largely illegible handwritten narrative. Moreover, plaintiff states that he wrote the exhibit on August 27, 2021; however, he does not identify the date that he actually submitted it to prison officials. Thus, plaintiff presents no probative summary judgment showing that he filed a timely and compliant step 2 grievance regarding grievance #2021140241.

To the extent that the exhibit is an actual carbon copy of what plaintiff filed with prison officials on an undisclosed date, the exhibit evinces an informal attempt to comply with TDCJ

grievance procedures that does not constitute exhaustion. *See Dillon*, 596 F.3d at 268 (holding that "substantial compliance" with administrative remedy procedures does not satisfy exhaustion requirements). Plaintiff's exhibit does not raise a genuine issue of material fact sufficient to preclude summary judgment in favor of Movant Defendants.

The Court further notes that plaintiff submitted with his response a "Declaration of Plaintiff in Support of Objections to Defendants [*sic*] Summary Judgment Motion." (Docket Entry No. 46, p. 31.) However, plaintiff makes no mention in his declaration of filing a step 2 grievance for grievance #2021140241, and the declaration does not raise a genuine issue of material fact sufficient to preclude summary judgment. *See Favela v. Collier*, 91 F.4th 1210, 1213–14 (5th Cir. 2024).

Movant Defendants have established their defense of failure to exhaust as a matter of law, and plaintiff fails to raise a genuine issue of material fact sufficient to preclude the granting of summary judgment. It is clear that the applicable time deadlines for pursuing a step 2 grievance have long expired as to plaintiff's claims, and the claims should be dismissed with prejudice. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice is warranted when administrative relief is time barred or otherwise precluded).

Movant Defendants are entitled to summary judgment dismissal of plaintiff's claims against defendant McNeil regarding the events of July 4, 2021, and the claims are **DISMISSED WITH PREJUDICE** for failure to exhaust.

B. **Incidents of July 21 and 22, 2021**

Plaintiff next alleges that defendant Lambert and other officers came to his cell on July 21, 2021, with gas masks and chemical spray to conduct a cell search. Plaintiff states he told Lambert he would comply with a strip search, but that he took no further action because Lambert never ordered him to remove any specific articles of clothing. Plaintiff complains that Lambert then sprayed him with the chemical agent "for no reason." Plaintiff states he then removed all of his clothes to avoid being sprayed a second time.

Plaintiff further complains that the next day, July 22, 2021, while walking in restrictive housing, he asked defendant Lambert to speak with the "psych department." When Lambert declined, plaintiff dropped to the floor and refused to move. Lambert ordered plaintiff to stand back up, but plaintiff failed to comply. According to plaintiff, Lambert slammed his head on the ground and dragged him back to his cell. Plaintiff states that defendant Wooten then appeared and began choking plaintiff after telling him to stop resisting the officers.

Movant Defendants argue that plaintiff filed only Step 1 Grievance #2022016158 regarding his complaints against defendants Lambert and Wooten. They state that the grievance was not processed or investigated because the grievable time period had expired, and that no step 2 grievance was filed. Movant Defendants contend that plaintiff's claims as to these incidents should be dismissed as unexhausted.

In support, Movant Defendants submitted a copy of plaintiff's Step 1 Grievance #2022016158 complaining of the events of July 21 and 22, 2021. (Docket Entry No. 42-2.)

9

The grievance clearly shows that plaintiff signed it on October 5, 2021, well outside the fifteen-day time requirement for filing grievances under the TDCJ grievance system. The grievance was returned unprocessed to plaintiff on October 12, 2021, marked "Grievable time period has expired." *Id.*

In his response to the motion for summary judgment, plaintiff argues that his step 1 grievance was timely and that he did file a step 2 grievance as to the events of July 21 and 22, 2021. (Docket Entry No. 46, p. 4.) In support, plaintiff directs the Court to Exhibit C attached to his response. Exhibit C contains a copy of the first page of plaintiff's Step 1 Grievance #2022016158 (#7) and both pages of Step 2 Grievance #2022016158 (#8). *Id.*, p. 9. Across the top of his step 1 grievance exhibit plaintiff wrote, "I turnt [*sic*] this in on Sky View 08-02-21, never received back." However, plaintiff did not include with the exhibit the second page of the grievance; Movant Defendants' copy of the grievance includes the second page, which shows that plaintiff signed the grievance on October 5, 2021. Plaintiff's incomplete exhibit is not probative summary judgment evidence that he filed his step 1 grievance in a timely manner, and no genuine issue of material fact is raised.

Because plaintiff failed to file Step 1 Grievance #2022016158 in a timely manner, his purported Step 2 Grievance #2022016158 would not have exhausted his administrative remedies, as both steps of the grievance process must be timely and properly completed. *See Johnson*, 385 F.3d at 515; *Wright*, 260 F.3d at 358. Although plaintiff claims to have filed Step 2 Grievance #2022016158, his purported grievance was processed by prison officials as

10

a step 2 grievance for grievance #2022006557. (Docket Entries No. 42-3; No. 46, p. 21.) Prison officials did not respond to the merits of plaintiff's step 2 grievance as applicable to grievance #2022016158, and thus did not waive plaintiff's untimeliness as to his step 1 grievance. *See Johnson*, 385 F.3d at 520–21.

The Court again notes that plaintiff submitted with his response a "Declaration of Plaintiff in Support of Objections to Defendants [*sic*] Summary Judgment Motion." (Docket Entry No. 46, p. 31.) However, plaintiff makes no mention in his declaration of filing grievances as to the incidents of July 21 and 22, 2021, and the declaration does not raise a genuine issue of material fact sufficient to preclude summary judgment. *See Favela v. Collier*, 91 F.4th 1210, 1213–14 (5th Cir. 2024).

Movant Defendants have established their defense of failure to exhaust as a matter of law, and plaintiff fails to raise a genuine issue of material fact sufficient to preclude the granting of summary judgment. It is further clear that the applicable time deadlines for pursuing grievances have long expired as to plaintiff's claims, and that the claims should be dismissed with prejudice. *See Marsh*, 53 F.3d at 710.

Movant Defendants are entitled to summary judgment dismissal of plaintiff's claims against defendants Lambert and Wooten regarding the events of July 21 and 22, 2021, and the claims are **DISMISSED WITH PREJUDICE** for failure to exhaust.

C.  Incident of August 11, 2021

Plaintiff alleges in his complaint that, on August 11, 2021, he knowingly cut his hand with a razor or piece of broken glass and showed it to defendant Fomijang. According to plaintiff, Fomijang returned a short while later carrying a chemical spray. Plaintiff states that he moved his mattress up against his cell door to block any spray, but that Fomijang entered his cell and sprayed the mattress and plaintiff "for no reason." Plaintiff complains that Fomijang's use of the chemical spray constituted use of excessive force because he had already tossed the razor or broken glass out of his cell by the time Fomijang returned.

Movant Defendants report that plaintiff filed grievances raising complaints against Fomijang, but that the grievances did not grieve the incident of August 11, 2021. In support, they direct the Court to Step 1 Grievance #2022006557 signed by plaintiff on September 12, 2021, and received by prison officials on September 17, 2021. (Docket Entry No. 42-3.) In the grievance, plaintiff complained that Fomijang threatened him on September 11, 2021, and that he was the same officer who had used excessive force against him on August 11, 2021. Plaintiff asked in the grievance that prison officials "press charges" on Fomijang for his actions of August 11, 2021, and September 11, 2021. Plaintiff further complained that his request to talk to a PREA officer was denied, although it is unclear whether this complaint was directed against Fomijang. The grievance was denied on October 12, 2021.

Although Movant Defendants argue in their motion that Step 1 Grievance #2022006557 violated TDCJ grievance rules in that it was untimely and multifarious, PREA

officials investigated the grievance and found no support for plaintiff's allegations. *Id.*, p. 5. The grievance was not expressly denied or rejected as untimely or multifarious, in whole or in part. However, it is equally true that they did not expressly investigate or respond to plaintiff's complaints regarding the incident of August 11, 2021. As a result, it cannot be said that prison officials accepted, processed, and investigated plaintiff's Step 1 Grievance #2022006557 as a complaint regarding Fomijang's alleged actions of August 11, 2021, or that they waived any untimeliness or multifariousness of the grievance as to the incident of August 11, 2021.

Movant Defendants' summary judgment exhibits show that plaintiff did not exhaust his administrative remedies as to the incident of August 11, 2021. Internal TDCJ worksheet documentation for the grievance shows that prison officials processed plaintiff's Step 1 Grievance #2022006557 as a complaint that Fomijang came to plaintiff's cell on September 11, 2021, and threatened to "gas" him and physically assault him. (Docket Entry No. 42-3, pp. 7, 18–19.) Moreover, plaintiff's Step 2 Grievance #2022006557 did not discuss Fomijang and the incident of August 11, 2021, and prison officials did not address the incident in their response. To the contrary, prison officials responded that, "A Unit investigation has been completed and no evidence has been found to substantiate your allegations that Officer Fomijang threatened you with bodily harm." This response shows that prison officials responded only to the incident of threats made on September 11, 2021, and not to the alleged use of excessive force incident of August 11, 2021.

Plaintiff responds that he filed a step 2 grievance exhausting his claims against Fomijang as to the incident of August 11, 2021. (Docket Entry No. 46, pp. 4–5.) In support, he directs the Court to Exhibit D, which includes Step 1 Grievance #2022006557 signed September 12, 2021 (#9) and an incomplete Step 2 Grievance #2022031246 (#10). Step 2 Grievance #2022031246 includes only the first page of the two-page grievance form. Even so, the exhibit shows that plaintiff himself labeled it as, "Per Grievance #2022031246," and not as a step 2 grievance regarding grievance #2022006557. Moreover, the grievance complains of actions taken by Fomijang on *November 16, 2021*, not August 11, 2021. (Docket Entry No. 46, p. 25.) Plaintiff's exhibit does not show that he exhausted his administrative grievances against Fomijang as to the incident of August 11, 2021, and he raises no genuine issue of material fact.

Movant Defendants have established their defense of failure to exhaust as a matter of law, and plaintiff fails to raise a genuine issue of material fact sufficient to preclude the granting of summary judgment. It is further clear that the applicable time deadlines for pursuing grievances have long expired as to plaintiff's claims regarding the incident of August 11, 2021, and that the claims should be dismissed with prejudice. *See Marsh*, 53 F.3d at 710.

Movant Defendants are entitled to summary judgment dismissal of plaintiff's claims against defendant Fomijang regarding the incident of August 11, 2021, and the claims are **DISMISSED WITH PREJUDICE** for failure to exhaust.

### D. Defendant Lindsey Leveston

Plaintiff alleges in his complaint that counsel substitute defendant Leveston "denied him access to courts several times hending [*sic*] his ability to get out of restrictive housing." (Docket Entry No. 1, p. 4.) He further alleges that Leveston denied him due process, covered up official misconduct, retaliated against him for filing step 1 grievances, did not allow him to attend disciplinary hearings, and did not let him review disciplinary hearing recordings. *Id.*, pp. 6, 13. Plaintiff pleaded specific factual allegations against Leveston only as to one incident, claiming that Leveston did not allow him to attend a disciplinary hearing in Disciplinary Case No. 20210244809 arising from the incident with defendant Fomijang on August 11, 2021. *Id.*, p. 14.

Movant Defendants argue that, although plaintiff attached grievances complaining in general terms that Leveston did not allow him to attend disciplinary hearings, there are no grievances against Leveston regarding the denial of plaintiff's right to appear at the disciplinary hearing for Disciplinary Case No. 20210244809. Movant Defendants note that plaintiff's Step 1 Grievance #2021133490 specifically referenced disciplinary case numbers 20210176166, 20210197400, and 20210135476 and was filed on July 8, 2021, a month before the August 11, 2021 incident. They further note that plaintiff's Step 1 Grievance #2022001167 referenced only Disciplinary Case No. 20210252770. Movant Defendants argue that plaintiff failed to exhaust his administrative remedies as to Leveston's actions regarding the disciplinary hearing in Disciplinary Case No. 20210244809.

15

Plaintiff does not dispute Movant Defendants' argument that he failed to exhaust his administrative remedies against Leveston as to Disciplinary Case No. 20210244809. Movant Defendants have established their defense of failure to exhaust as a matter of law, and plaintiff fails to raise a genuine issue of material fact sufficient to preclude the granting of summary judgment. It is further clear that the applicable time deadlines for pursuing grievances have long expired as to plaintiff's claims, and that the claims should be dismissed with prejudice. *See Marsh*, 53 F.3d at 710.

Movant Defendants are entitled to summary judgment dismissal of plaintiff's claims against defendant Leveston regarding the disciplinary hearing in Disciplinary Case No. 20210244809, and the claims are **DISMISSED WITH PREJUDICE** for failure to exhaust.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. Movant Defendants' motion for summary judgment (Docket Entry No. 42) is **GRANTED**.

2. Plaintiff's claims against defendant Matthew McNeil arising from the incident of July 4, 2021, are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's claims against defendants James Lambert, Jr., and Christopher Wooten arising from the incidents of July 21 and 22, 2021, are **DISMISSED WITH PREJUDICE**.

4. Plaintiff's claims against defendant Claude Fomijang arising from the incident of August 11, 2021, are **DISMISSED WITH PREJUDICE**.

5. Plaintiff's claims against defendant Lindsey Leveston arising from the disciplinary hearing in Disciplinary Case No. 20210244809 are **DISMISSED WITH PREJUDICE**.

6. Any further dispositive motions must be filed within **SIXTY DAYS** from date of this order.

7. **THIS IS AN INTERLOCUTORY ORDER**.

Signed at Houston, Texas, on this the 18th day of March, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE